## In re BRAFFETT.

(Supreme Court, Special Term, Kings County. May, 1899.)

REFORMATORIES—INCORRIGIBLES—CONVICTS.

The fact that a boy was disorderly, deserted his home without cause, kept company with dissolute and vicious persons against his father's command, and was bad, ungovernable, and disorderly beyond his father's control, does not justify his commitment to the Brooklyn Disciplinary Training School, under Laws 1896, c. 235, as amended by Laws 1897, c. 508, authorizing boys arrested or committed as vagrants, or convicted of criminal offenses other than felonies, to be received there.

Habeas corpus by Edward W. Braffett against the Brooklyn Disciplinary Training School. Petitioner discharged.

M. P. Lynch, for petitioner.
Percy R. Chittenden, for respondent.

GAYNOR, J. The petitioner, who is 13 years old, is confined in the said institution under a magistrate's commitment. The adjudged cause stated therein is that he "was a disorderly child who deserts his home without sufficient cause, and keeps company with dissolute and vicious persons, against the lawful command of his father, and is bad, ungovernable and disorderly beyond his father's control." Chapter 235; Laws 1896, as amended by chapter 508, Laws 1897, authorizes boys between the ages of 4 and 14 years to be received in the said institute "who shall be arrested or committed as vagrants or convicted of criminal offenses other than felonies" in the city of Brooklyn. The petitioner has not been found to be a vagrant and committed as such. The words of the commitment do not bring him within the definition of a vagrant. Pen. Code, § 291; Cr. Code, § 887. Nor has he been tried and convicted of any "criminal offense." His commitment was therefore without authority of law. The said words of the commitment are taken from chapter 172 of the Laws of 1865 (section 5), but that statute only authorizes commitments to the House of Refuge in the city of New York.

The petitioner is discharged.